UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEYMAN LASHKARI, et al.,

Plaintiffs,

v.

MARCO RUBIO, et al.,

Defendants.

Case No. 25-cv-10278-KAW

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 14

Plaintiffs Peyman Lashkari ("P. Lashkari") and Ahmad Lashkari ("A. Lashkari") filed the instant action, seeking to compel Defendants to adjudicate a Form I-130 visa application filed by Plaintiff P. Lashkari on behalf of his father, Plaintiff A. Lashkari. (Compl. ¶¶ 1-2, Dkt. No. 1.) Pending before the Court is Defendants' motion to dismiss. (Defs.' Mot. to Dismiss, Dkt. No. 14.)

The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 23.) Having considered the parties' filings and the relevant legal authorities, the Court DENIES Defendants' motion to dismiss.

## I.    BACKGROUND

Plaintiff P. Lashkari is a United States citizen who filed Form I-130 petitions on behalf of his father, Plaintiff A. Lashkari, and his mother. (Compl. ¶¶ 56, 58.) After the petitions were approved, Plaintiff A. Lashkari and his wife were interviewed by a consular officer at the Abu Dhabi Embassy on October 31, 2024. (Compl. ¶¶ 60, 62.) At the conclusion of the interview, the consular officer informed Plaintiff A. Lashkari and his wife that their applications would be subject to administrative processing pursuant to § 221(g) of the Immigration and Nationality Act. (Compl. ¶ 62.) The consular officer gave Plaintiff A. Lashkari and his wife a written § 221(g) refusal notice, which states: "Your visa application is refused under section 221(g) of the U.S.

United States District Court
Northern District of California

Immigration and Nationality Act ("INA") for the reasons stated below. However, this refusal may be overcome once the missing documentation is submitted and/or administrative processing is completed." (Compl. ¶ 63, Exh. B.) The § 221(g) refusal notice requested that Plaintiff A. Lashkari provide his passport and checked off "Administrative Processing," which further states: "This process can sometimes take several months. You will be contacted once the processing is completed." (Compl. ¶ 63, Exh. B.)

On November 7, 2024, the administrative processing of the application of Plaintiff A. Lashkari's wife was completed, and she was granted her visa. (Compl. ¶ 64.) As of the filing of this lawsuit, however, Plaintiff A. Lashkari's application status on the State Department's Consular Electronic Application Center website was "Refused." (Compl. ¶ 65, Exh. C.) Accordingly, on November 26, 2025, Plaintiffs filed this action, asserting that Defendants had unreasonably delayed a final decision on Plaintiff A. Lashkari's application. (Compl. ¶ 3.) Plaintiffs brought claims for relief under: (1) the Mandamus Act, 28 U.S.C. § 1361, (2) the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), (3) the APA, 5 U.S.C. § 706(1), and (4) the APA, 5 U.S.C. § 555(b).

On March 12, 2026, Defendants filed a motion to dismiss, arguing that Plaintiff A. Lashkari's application had been effectively decided. (Defs.' Mot. to Dismiss at 1.) Defendants' motion was based both on the October 31, 2024 refusal under § 221(g), as well as a January 2026 refusal under INA § 212(f). (*See* Friend Decl. ¶ 2, Dkt. No. 14-1.) On April 2, 2026, Plaintiffs filed an opposition, which acknowledged that Plaintiffs had received a refusal under § 212(f) on January 28, 2026 pursuant to Presidential Proclamation 10998.[1] (Pls.' Opp'n at 2, Dkt. No. 18.) On April 17, 2026, Defendants late-filed a reply.[2] (Defs.' Reply, Dkt. No. 22.)

---

[1] Presidential Proclamation 10998 prohibits entry of individuals from certain countries. (*See* Pls.' Opp'n at 2 n2.)

[2] Defendants provide no reason for the late filing. (*See* Dkt. No. 21 (order granting stipulation to extend Defendants' reply deadline to April 16, 2026.) Going forward, the failure to request an extension of time or otherwise explain a late filing may result in the Court striking the filing.

2

**II.    LEGAL STANDARD**

**A.    Federal Rule of Civil Procedure 12(b)(1)**

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

**B.    Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

United States District Court
Northern District of California

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III.    DISCUSSION

Here, Defendants seek dismissal on the grounds that: (1) the consular nonreviewability doctrine precludes judicial review of Plaintiffs' claims, and (2) Plaintiffs cannot identify a discrete agency action that Defendants are required to take, *i.e.*, a mandatory duty. (Defs.' Mot. to Dismiss at 5, 8.)

Under the doctrine of consular nonreviewability, "ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review." *Khachatryan v. Blinken*, 4 F.4th 841, 849 (9th Cir. 2021) (internal quotation omitted). "For the doctrine to apply," however, "a denial of a visa application must have occurred." *Bozchalooi v. United States Dep't of State*, No. 2:25-cv-02983-DJC-SCR, 2026 U.S. Dist. LEXIS 85065, at *10 (E.D. Cal. Apr. 16, 2026). Thus, "the doctrine does not apply where a plaintiff seeks a final decision on their visa application rather than judicial review of a consular decision." *Id.*; *Sadeghian v. Rubio*, No. 2:24-cv-07725-AB-BFM, 2025 U.S. Dist. LEXIS 129574, at *8 (C.D. Cal. July 2, 2025) ("Although a consular official's decision to deny a visa to a foreigner is not subject to judicial review, a suit that challenges the authority of the consul to take or fail to take an action is reviewable."). Courts in this Circuit have concluded "that an administrative processing denial under § 221(g) is not a final

4

decision subject to the doctrine of consular non-reviewability." *Bozorgkhoo v. Blinken*, No. 2:24-cv-03154 CSK, 2025 U.S. Dist. LEXIS 95206, at *10 (E.D. Cal. May 19, 2025); *see also Mobayen v. Blinken*, 780 F. Supp. 3d 969, 983 (C.D. Cal. 2025) ("the Section 221(g) denial for administrative processing was not 'final,' and therefore, the consular nonreviewability doctrine does not apply here."); *Nasiri v. United States Dep't of State*, No. 1:21-cv-01385-KES-EPG, 2025 U.S. Dist. LEXIS 22562, at *11 (E.D. Cal. Feb. 6, 2025) ("[I]f Mr. Nasiri's refusal under § 221(g) was held in abeyance pending the receipt of additional information or pending further administrative processing, the refusal would not constitute final agency action.").

Such is the case here as to the § 221(g) refusal of Plaintiff A. Lashkari's application. Here, the complaint does not challenge a final decision, but asserts that Defendants have "unreasonably delayed a final decision on [Plaintiff A. Lashkari's] eligibility to immigrate to the United States." (Compl. ¶ 3.) Moreover, as alleged, the § 221(g) refusal letter is not a final decision. For example, the § 221(g) refusal letter specifically found that the refusal could be overcome once missing documentation was provided and/or administrative processing was completed. (Compl., Exh. B.) Plaintiff A. Lashkari was then asked to submit his passport and told he would undergo administrative processing. (Compl. ¶ 63, Exh. B.) Plaintiff A. Lashkari's application was again refused under § 212(f) in January 2026, further underscoring the lack of finality of the § 221(g) refusal; if that decision was final, there would presumably be no need for the January 2026 action.

The Court acknowledges that some courts outside of this Circuit have found that a § 221(g) refusal is final for purposes of applying the consular nonreviewability doctrine. *See Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 104 (D.D.C. 2024); *but see Al-Gharawy v. U.S. Dep't of Homeland Security*, 617 F. Supp. 3d 1, 11 (D.D.C. 2022) ("[A] long line of decisions from this Court have held that the consular nonreviewability doctrine applies only to final decisions and thus does not bar judicial review of a consular officer's delay when a visa application has been provisionally refused pending a final decision."). The Court, however, finds such authority unpersuasive, particularly when the § 221(g) refusal letter here clearly contemplates further actions by the consular officer. Thus, the Court finds that the consular nonreviewability doctrine does not apply to the § 221(g) refusal because it is not a final decision.

As to Plaintiffs' Mandamus Act and APA claims, courts have likewise found that a mandatory duty to adjudicate the application continues to exist where an application was refused under § 221(g) for administrative processing. As an initial matter, 5 U.S.C. § 555(b) states: "within a reasonable time, each agency shall proceed to conclude a matter presented to it." Courts in this Circuit have repeatedly found that § 555(b) imposes a "non-discretionary duty to render a final adjudication in a visa application." *Mobayen*, 780 F. Supp. 3d at 981 (collecting cases). Further, courts have concluded that "this duty is not satisfied by the refusal of a visa application under INA section 221(g) for administrative processing" because there is no final decision. *Bozchalooi*, 2026 U.S. Dist. LEXIS 85065, at *9; *see also Mobayen*, 780 F. Supp. 3d at 982 (finding that a § 221(g) "refusal for administrative processing . . . is not a final decision and therefore does not discharge the agency's obligation to adjudicate visa applications"); *contrast with Nasiri*, 2025 U.S. Dist. LEXIS 22562, at *12 (dismissing the APA claim because the refusal of the plaintiff's visa application was based on the merits of his application and there was no pending appeal or administrative processing pending). Thus, to the extent Defendants argue there is no mandatory duty that can support Plaintiffs' Mandamus Act and APA claims, the § 221(g) refusal of Plaintiff A. Lashkari's application for administrative processing does not satisfy Defendants' mandatory duty to timely adjudicate visas within a reasonable time under § 555(b).

Of course, this finding does not necessarily end the analysis in this case because there is no dispute that following the initiation of this case, Plaintiff A. Lashkari's application was again refused pursuant to § 212(f). (Defs.' Mot. to Dismiss at 1; Pls.' Opp'n at 2.) Courts have split on whether a § 212(f) refusal is a final decision for purposes of consular nonreviewability. Some courts have found that to the extent a plaintiff was requesting that the court set aside a § 212(f) refusal, consular nonreviewability applies. *See Thein v. Trump*, Civil Action No. 25 - 2369 (SLS), 2025 U.S. Dist. LEXIS 162775, at *20-21 (D.D.C. Aug. 21, 2025). Other courts have found that a § 212(f) refusal pursuant to a presidential proclamation prohibiting entry to individuals of certain countries is not a final decision, and thus consular nonreviewability is inapplicable. *See Noori v. Rubio*, No. 8:25-cv-00400-DOC-ADS, 2025 U.S. Dist. LEXIS 264086, at *11 (C.D. Cal. Oct. 24, 2025). Such courts have also found that a § 212(f) refusal based on a presidential proclamation

6

prohibiting entry may simply be improper, as entry is different from eligibility for a visa. *Id.* at *12-13. Still others have found that where the presidential proclamations permit the consideration of case by case waivers, a motion to dismiss may not be appropriate. *Hosseinkhani v. Mayorkas*, No. 2:25-cv-00853-MWC-AS, 2025 U.S. Dist. LEXIS 277815, at *11-12 (C.D. Cal. Dec. 2, 2025).

Ultimately, however, Plaintiffs have not challenged the § 212(f) refusal, as the refusal occurred months after the operative complaint was filed. Thus, to the extent Plaintiffs assert that the § 212(f) refusal is not lawful, this issue is not presently before the Court. *See Farjoudi v. Rubio*, No. 8:25-cv-00864-FLA (KESx), 2026 U.S. Dist. LEXIS 81015, at *10 (C.D. Cal. Mar. 31, 2026) (declining to decide whether the § 212(f) refusal was improper where the complaint did not challenge the § 212(f) refusal that had occurred after the complaint was filed). There is also very little information before the Court about the nature of the § 212(f) refusal. The only documentary evidence before the Court is a one-page letter that does not even include Plaintiff A. Lashkari's name on it. (*See* Friend Decl., Exh. A.) The Court lacks any information as to whether Plaintiff A. Lashkari's application is still subject to administrative processing, whether further actions may still be taken, and/or whether any waivers are at issue. The Court therefore cannot determine, based on the information before it, whether consular nonreviewability applies in this case based on the § 212(f) refusal or if the § 212(f) refusal satisfies Defendants' mandatory duty to adjudicate Plaintiff A. Lashkari's application.

Accordingly, the Court finds that denial of the motion to dismiss is appropriate based on the facts that have been pled in the complaint, namely the § 221(g) refusal. With respect to the § 212(f) refusal, Plaintiffs have failed to plead any claim based on this refusal while Defendants have failed to provide adequate information about this refusal. Thus, to the extent Plaintiffs seek to challenge the § 212(f) refusal, the Court gives Plaintiffs leave to amend the complaint to add in this claim and all relevant facts. If Plaintiffs do not amend the complaint, Defendants may file a motion to dismiss, which shall include all relevant facts needed to determine whether, for example, the § 212(f) refusal is a final decision and/or whether the § 212(f) refusal moots the case.

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the reasons stated above, the Court DENIES the motion to dismiss.  Plaintiffs may file an amended complaint by **July 2, 2026** that challenges the § 212(f) refusal.  Defendants may file a motion to dismiss by **July 17, 2026**.

IT IS SO ORDERED.

Dated: June 5, 2026

KANDIS A. WESTMORE
United States Magistrate Judge